IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,709-01






EX PARTE MICHAEL SHANNON COTY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8708 IN THE 344TH DISTRICT COURT


FROM CHAMBERS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied credit for time served in Madison County Indiana
pursuant to a warrant to revoke his parole in this cause. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit should state when such warrants were executed and the dates Applicant was in custody
pursuant to those warrants. The affidavit should state whether any detainers were placed on
Applicant when he was in the custody of Indiana authorities, and if so, the dates of those detainers.

The affidavit should state whether or not Applicant is receiving credit for any of the time spent on
parole. Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the
time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is receiving
the proper amount of time credit for any time spent in custody while on parole. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: December 19, 2012

Do not publish